IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:18-cr-2 (MTT) |
| | ) |
| KIMSEING LE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

# ORDER

Federal prisoner Kimseing Le, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). For the following reasons, the motion (Doc. 393) is **DENIED**.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon motion by the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a *court*

> may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement and commentary found at U.S.S.G. § 1B1.13, which were promulgated before the enactment of the First Step Act of 2018, provide guidance on the grounds for compassionate release, specifically on what constitutes "extraordinary and compelling" reasons warranting a sentence reduction. Only four circumstances qualify as

extraordinary and compelling reasons.  First, extraordinary and compelling reasons may exist based on the medical condition of the prisoner if the prisoner is suffering from a terminal illness or the prisoner's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process.  § 1B1.13 cmt. n.1(A).  Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the prisoner is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.  § 1B1.13 cmt. n.1(B).  Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the prisoner's minor child or children dies or is incapacitated, or when the prisoner's spouse or registered partner becomes incapacitated and the prisoner would be the only available caregiver for the spouse or registered partner.  § 1B1.13 cmt. n.1(C).  Fourth, referred to as the "catch-all" provision, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists.  § 1B1.13 cmt. n.1(D).

      The Eleventh Circuit has held that this policy statement and commentary are applicable to, and limit, prisoner-filed motions for compassionate release.  *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  Moreover, the fourth or "catch-all" circumstance applies only to compassionate release determinations made by the

Director of the Bureau of Prisons.  *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (summarizing *Bryant*).

Accordingly, for Le to establish that extraordinary and compelling reasons exist and warrant a sentence reduction, he must establish that he is not dangerous and that he falls within one or more of the three applicable circumstances defined in the policy statement's commentary.  *Bryant*, 996 F.3d at 1253 ("If [the prisoner] is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted.").

**A. Whether Le has Shown an Extraordinary and Compelling Reason**

Le states that he has been a model inmate during his incarceration.  Doc. 393 at 2.  Le has completed many educational courses and recidivism reduction programs while incarcerated.  *Id*. at 1; Doc. 393-2 at 1-2.  He also has had no disciplinary issues, and he expresses remorse for his conduct, which was non-violent.  Le states that he is a changed man.  Doc. 393 at 2.  Le argues that these facts establish extraordinary and compelling reasons under the applicable policy statement's catch-all provision.  Doc. 393 at 2.  However, as stated above, the Eleventh Circuit has held that the catch-all provision does not apply to prisoner-filed motions for compassionate release.  *Bryant*, 996 F.3d at 1262-65.  Accordingly, while evidence of Le's good behavior and rehabilitation is relevant under the Court's analysis of the § 3553(a) factors, it does not constitute an extraordinary and compelling reason warranting a sentence reduction.

Le also argues that his medical condition may constitute extraordinary and compelling reasons.  Doc. 393 at 3.  Le suffers from latent tuberculosis, which puts him

at an increased risk of serious illness if he were to contract COVID-19.  *Id*.  However, Le has not established, or even argued, that he is suffering from a terminal illness or that his illness has substantially diminished his ability to provide self-care within prison.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A).  Thus, Le's medical condition does not qualify as an extraordinary and compelling reason warranting a sentence reduction.  Accordingly, because Le has not established that extraordinary and compelling reasons exist as defined by § 1B1.13, he is not entitled to the relief that he seeks.

**B. Section 3553(a) Factors**

As noted, a prisoner in this circuit is ineligible for a reduction if he or she does not establish that extraordinary and compelling reasons, as defined by U.S.S.G. § 1B1.13, exist.  *Bryant*, 996 F.3d at 1254.  If the prisoner has established extraordinary and compelling reasons, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted."  *Id*.  Logically, if a prisoner has not established an extraordinary and compelling reason, there is no need to address the § 3553(a) factors.  However, because of arguably conflicting authority,[1] and the Court's own desire to thoroughly address the merits of Le's motion, the Court will consider the § 3553(a) factors relevant to his circumstances.

---

[1] In *United States v. Cook*, the Eleventh Circuit reversed a district court's denial of an inmate's motion for compassionate release because the district court had not analyzed the applicable § 3553(a) factors, despite a finding that the prisoner had not first established an extraordinary and compelling reason warranting a sentence reduction.  998 F.3d 1180, 1184 (11th Cir. 2021) ("[A]n order granting or denying compassionate release … must indicate that the court considered the applicable [§ 3553(a)] factors.").  As a result of *Cook*, several district court orders denying compassionate release were reversed for not addressing the applicable § 3553(a) factors.  *United States v. Janwatanagool*, 849 F. App'x 905, 906 (11th Cir. 2021); *United States v. Lonergan*, 859 F. App'x 464 (11th Cir. 2021); *United States v. Adams*, 2021 WL 4227704 (11th Cir. Sept. 16, 2021).  But then, in *United States v. Giron*, the Eleventh Circuit held that "[w]hen denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."  15 F.4th 1343, 1347 (11th Cir. 2021).

On February 27, 2019, Le pleaded guilty to conspiring to distribute methamphetamine. Doc. 340 at 4. Le admitted that the quantity of methamphetamine attributable to him was more than 500 grams. *Id*. at 18. Authorities also discovered multiple firearms when they arrested Le. *Id*. at 5. Le was sentenced to 121 months of imprisonment, which was the shortest sentence within the guideline imprisonment range based on Le's offense and his criminal history. *Id*. at 24; Doc. 344 at 2.

As mentioned above, Le states that he has been a model inmate during his incarceration and that he has completed many educational courses and recidivism reduction programs. Le has had no disciplinary issues while in prison, and the offense for which he is incarcerated was non-violent. While these factors may weigh in Le's favor, they do not outweigh Le's criminal history or the nature of his crime. Therefore, granting Le compassionate release would not reflect the seriousness of his crime, promote respect for the law, provide just punishment, or deter future criminal conduct. 18 U.S.C. § 3553(a)(2). Thus, the Court finds that the § 3553(a) factors do not support Le's early release.

Because Le has failed to establish that extraordinary and compelling reasons warrant a sentence reduction and that the § 3553(a) factors weigh in favor of his early release, his motion for compassionate release (Doc. 393) is **DENIED**.

**SO ORDERED**, this 7th day of July, 2022.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT